## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEX ULLOA, | : | No. 1:23-CV-0776 |
| **Petitioner** | : | |
| | : | **(Judge Munley)** |
| v. | : | |
| | : | |
| ANDY CRUZ,[1] | : | |
| **Respondent** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### <u>MEMORANDUM</u>

Petitioner Alex Ulloa initiated the above-captioned action by filing a *pro se*

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  He alleges

that the Federal Bureau of Prisons (BOP) improperly calculated his earned time

credits under the First Step Act (FSA), Pub. L. 115-391, 132 Stat. 5194 (2018).

For the following reasons, the court will deny Ulloa's Section 2241 petition.

## I.   BACKGROUND

Ulloa is currently serving a 121-month aggregate sentence.  (<u>See</u> Doc. 10-

1 at 7).  This sentence is composed of a 120-month sentence imposed in 2021

by the United States District Court for the Southern District of New York for

conspiracy to distribute and possess with intent to distribute cocaine, 21 U.S.C.

---

[1] Ulloa named the "United States of America" as Respondent in this case.  However, Ulloa is currently confined at FCI Fort Dix, so the appropriate respondent is the warden of that institution, Acting Warden Andy Cruz.  (<u>See</u> Doc. 10 at 1 n.1); 28 U.S.C. § 2242; <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 434-35 (2004); <u>see also</u> 28 U.S.C. § 2254 Rule 2(a).  The Court will therefore substitute the appropriate respondent in this matter.  <u>See</u> FED. R. CIV. P. 25(d).

§§ 846, 841(a)(1), 841(b)(A)(1).  (See Doc. 10-1 at 3 ¶ 3; id. at 6).  Ulloa is also serving an additional one-month consecutive sentence imposed in January 2023 by the United States District Court for the Middle District of Pennsylvania for possession of contraband in prison – cellular telephone, 18 U.S.C. § 1791(a)(2), (d)(1)(F).  (See Doc. 10-1 at 3 ¶ 3; id. at 7, 9).  His current projected release date, via good conduct time, is May 19, 2028.  (See Doc. 10-1 at 3 ¶ 3, id. at 6).

Ulloa filed the instant Section 2241 petition in May 2023 while incarcerated at FCI Schuylkill in Minersville, Pennsylvania.  (See generally Doc. 1).  Ulloa's petition is extremely brief.  He alleges that the BOP failed to properly calculate his earned time credits under the FSA.  (See id. at 6).  He claims that, although he started FSA programming in September 2019, his time credits "only started in October[] 2021."  (See id. at 6, 7).

Respondent timely responded to the Section 2241 petition.  (See generally Doc. 10).  Ulloa did not file a traverse and the time for doing so has passed. Ulloa's Section 2241 petition, therefore, is ripe for disposition.

## II.   DISCUSSION

Ulloa contends that the BOP failed to accurately calculate his FSA earned time credits.  Respondent counters that any calculation argument is moot because Ulloa is statutorily ineligible to receive FSA time credits due to his 2023

conviction pursuant to 18 U.S.C. § 1791 for possession of contraband in prison. (See Doc. 10 at 5).

## A.    Exhaustion of Administrative Remedies

Although there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims.  See Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) (citing Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986)); Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996).  Exhaustion allows the relevant agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy."  Moscato, 98 F.3d at 761-62 (citations omitted).  The Bureau of Prisons has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment.  See generally 28 C.F.R. §§ 542.10-.19.  That process begins with an informal request to staff and progresses to formal review by the warden, appeal with the Regional Director, and—ultimately—final appeal to the General Counsel.  See id. §§ 542.13-.15.

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude federal habeas review.  See Moscato, 98 F.3d at 761.  Only in rare circumstances is exhaustion of administrative remedies not required.  For

3

example, exhaustion is unnecessary if the issue presented is one that consists purely of statutory construction. See Vasquez v. Strada, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)). Exhaustion is likewise not required when it would be futile. Rose v. Lundy, 455 U.S. 509, 516 n.7 (1982); see Cottillion v. United Refining Co., 781 F.3d 47, 54 (3d Cir. 2015) (affirming, in ERISA context, futility exception to exhaustion requirement). "In order to invoke the futility exception to exhaustion, a party must 'provide a clear and positive showing' of futility before the District Court." Wilson v. MVM, Inc., 475 F.3d 166, 175 (3d Cir. 2007) (quoting D'Amico v. CBS Corp., 297 F.3d 287, 293 (3d Cir. 2002)).

It appears that Ulloa did not fully exhaust his administrative remedies. (See Doc. 1 at 3). In his petition, he notes that his final appeal to the General Counsel (sometimes referred to as Central Office) was "denied as untimely." (Id.) Proper exhaustion, however, requires an inmate to complete each step of their facility's grievance process and to do so properly so that the agency decides the issue on the merits. See Woodford v. Ngo, 548 U.S. 81, 90 (2006) (explaining that proper administrative exhaustion "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)" (citation omitted)). Nevertheless, to the extent that Ulloa's FSA claim implicates a question of statutory construction, exhaustion through the BOP is unnecessary.

See Vasquez, 684 F.3d at 433-34.  The court thus turns to the merits of Ulloa's claim, an analysis that focuses—as it must—on his statutory eligibility to receive FSA credits rather than the amount of credits he has earned.

## B.   FSA Eligibility

Ulloa argues that he has been involved in FSA programming and productive activities since September 5, 2019, but that his "credits only started in October[] 2021." (Doc. 1 at 6).  Respondent does not address Ulloa's credit calculations, and instead asserts that Ulloa is statutorily ineligible for application of FSA time credits because he has been convicted of, and is serving a sentence for, a disqualifying offense listed in 18 U.S.C. § 3632(d)(4)(D).  Specifically, Ulloa was convicted and sentenced for possessing contraband in prison in violation of Section 1791.  See 18 U.S.C. § 3632(d)(4)(D)(xxix).

Respondent is correct.  Section 3632(d)(4)(D) of Title 18 of the United States Code provides an extensive list of offenses that render a prisoner "ineligible to receive [FSA] time credits" if the prisoner "is serving a sentence for a conviction" for any of the enumerated offenses.  One such disqualifying offense is "Section 1791, relating to providing or possessing contraband in prison." See 18 U.S.C. § 3632(d)(4)(D)(xxix).  Thus, under the plain language of the FSA, Ulloa's Section 1791 conviction and sentence render him ineligible to receive FSA time credits.  This conclusion is bolstered by the relevant regulations, which

plainly state that "[i]f the inmate is serving a term of imprisonment for an offense specified in 18 U.S.C. § 3632(d)(4)(D), the inmate is not eligible to earn FSA Time Credits." 28 C.F.R. § 523.41(d)(2).

The wrinkle in Ulloa's case is that his one-*month* prison contraband sentence (a disqualifying offense) was ordered to run consecutively to his ten-*year* drug sentence (a non-disqualifying offense). Yet this does not alter his FSA ineligibility. Courts within and beyond this circuit have repeatedly held that when a prisoner is convicted and sentenced for disqualifying and non-disqualifying offenses, those sentences—regardless of whether they are ordered to run concurrently or consecutively—are properly aggregated and treated as a single sentence that is ineligible for application of FSA credits. See Teed v. Warden FCI Allenwood, No. 23-1181, 2023 WL 4556726, at *1-2 (3d Cir. July 13, 2023) (nonprecedential); Dunstor v. Spaulding, No. 4:20-CV-01961, 2021 WL 2588791, at *2, 4 (M.D. Pa. June 24, 2021) (Brann, J.) (finding petitioner ineligible for FSA time credits when one of his three convictions was under Section 924(c)); Wallace v. Knight, No. 22-CV-6705, 2023 WL 4954727, at *1 (D.N.J. Aug. 2, 2023); Williams v. FCI Berlin, No. 22-CV-564, 2023 WL 5961688, at *3-4 & n.4 (D.N.H. Aug. 1, 2023) (collecting cases), adopting report & recommendation, 2023 WL 5959740 (D.N.H. Sept. 13, 2023); Keeling v. LeMaster, No. 0:22-CV-00096, 2022 WL 17407966, at *2 (E.D. Ky. Dec. 2,

2022); Sok v. Eischen, No. 22-CV-458, 2022 WL 17156797, at *6 (D. Minn. Oct. 26, 2022), adopting report & recommendation, 2022 WL 17128929 (D. Minn. Nov. 22, 2022), aff'd, 2023 WL 5282709 (8th Cir. Aug. 17, 2023) (per curiam) (nonprecedential).  These decisions are driven primarily by the plain language of 18 U.S.C. § 3584(c), which mandates that "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment."  18 U.S.C. § 3584(c); see, e.g., Teed, 2023 WL 4556726, at *2 (quoting Section 3584(c)).

Several federal courts have squarely addressed circumstances similar to Ulloa's.  One of those cases, Satizabal v. Edge, is particularly instructive.[2]  In that case, the petitioner (Satizabal) was convicted of a non-disqualifying felony drug offense and sentenced to sixteen years' imprisonment.  Satizabal v. Edge, No. 2:23-CV-00040, 2023 WL 574693, at *1 (E.D. Ark. Sept. 6, 2023) (report & recommendation).  Then, ten years later (and similar to Ulloa), Satizabal pled guilty under 18 U.S.C. § 1791(a)(2) for a misdemeanor offense of possession of a prohibited object in prison and was sentenced to a one-month consecutive term of imprisonment.  Id.  The court still found Satizabal ineligible for application of

---

[2] The other cases, which provide less analysis but the same outcome, are Walker v. LeMaster, No. 23-CV-77, 2023 WL 9119778 (E.D. Ky. Dec. 15, 2023), appeal filed, No. 24-5064 (6th Cir. Jan. 23, 2024); Limbrick v. Rivers, No. 3:23-CV-312, 2023 WL 8481850 (N.D. Tex. Oct. 13, 2023); Williams v. FCI Berlin, No. 22-CV-564, 2023 WL 5961688 (D.N.H. Aug. 1, 2023), adopting report & recommendation, 2023 WL 5959740 (D.N.H. Sept. 13, 2023); and Pena v. Barraza, No. 3:23-CV-0300, 2023 WL 3483238 (M.D. Pa. May 16, 2023) (Mannion, J.).

FSA time credits under the BOP's reasonable aggregation of his sentences.  Id.,

at *2-3.  In doing so, the court specifically considered the timing and disparity of

Satizabal's disqualifying and non-disqualifying sentences:

> The Court has considered in making its recommendation that more than a decade passed from the time of Satizabal's first conviction and his later conviction for possession of contraband in prison, and that the sentences are quite dissimilar, e.g., 16 years vs. 1 month.  Of note is that 18 U.S.C. § 3584(c) does not differentiate between a felony and a misdemeanor conviction concerning the aggregation of sentences.  And the list of disqualifying offenses in the FSA includes any offense under "Section 1791, relating to providing or possessing contraband in prison."  18 U.S.C. § 3632(d)(4)(D)(xxix).  The drafters of the FSA could have listed only felony convictions under Section 1791 as disqualifying offenses but chose not to do so.  Cf. 18 U.S.C. § 3632(d)(4)(D)(v) (identifying felony, but not misdemeanor, assault as a disqualifying offense).  They could also have provided that a second sentence entered many years after imposition of the initial sentence should be treated differently, but they did not do so.
>
> It is tempting to second-guess whether the drafters of the FSA could have envisioned the interaction of the FSA and the 1984 aggregation statute [18 U.S.C. § 3584] resulting in the outcome of this case.  However, the courts' prior interpretation of the aggregation statute as applied to the RDAP cases was known before the FSA was enacted.  The drafters of the FSA also intentionally excluded [FSA] eligibility for inmates convicted of a misdemeanor for possession of a prohibited object in prison while not excluding eligibility of inmates convicted of a misdemeanor for assault.  And they did not carve out an exception in cases in which the sentences are imposed many years apart.

Id., at *2.

This court, like the Satizabal court, is cognizant of the circumstances of

Ulloa's case and the significant disparity between his disqualifying and non-

disqualifying sentences.  Nevertheless, because Ulloa is in fact serving the Section 1791 sentence as part of his "single, aggregate term of imprisonment," 18 U.S.C. § 3584(c), he is statutorily ineligible to receive FSA time credits.  See 18 U.S.C. § 3632(d)(4)(D)(xxix); Teed, 2023 WL 4556726, at *2.  Consequently, his Section 2241 petition must be denied.

## III.   CONCLUSION

Based on the foregoing, the Court will deny Ulloa's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  An appropriate Order follows.

Date: 3/14/24

BY THE COURT:

**JUDGE JULIA K. MUNLEY**
**United States District Court**